BUCKHAM & KIBBE vs. SINGLETON, ADM'R. OF KIBBE.

A note given by a surviving partner to the administrator of a deceased partner, who had administered upon the effects of the partnership, is valid, even though such settlement may not have been in accordance with the law concerning such administrators.

## APPEAL from Andrew Circuit Court.

NAPTON, J., *delivered the opinion of the Court.*

Singleton, the adm'r. of Stephen W. Kibbe, deceased, brought suit upon a note given by the appellants for $430 50. Defendants pleaded nil debit; that the note was obtained by fraud, covin and misrepresentation; and thirdly, that it was procured by menaces and threats of injury to the business of said defendants. The third plea was demurred to and the demurrer sustained. Issue was taken and tried upon the remaining pleas.

The plaintiff gave in evidence his letters of administration and the note sued on. The defendants introduced witnesses whose testimony was designed to show that the note was given as a settlement of the partnership concern which had existed between Buckham and plaintiff's intestate, and that the note embraced the amount which said Kibbe, deceased, had put into the concern. It appeared that Stephen W. Kibbe, just before his death, sent for the defendant Buckham, and requested him to pay over to one Newman the amount of his debt, ( $450 ) and if any thing was left to give it to his children; that he was willing for Buckham to leave the store house in which they had done business, provided he (Buckham) would pay for the nails and lumber. This Buckham promised to do if it would suit. It appeared that the $450 borrowed of Newman had been borrowed for the partnership concern, by said Kibbe.

There was no evidence tending to show any fraud or misrepresentation about the matter. Several instructions were asked of the Circuit Court, the substance of which was that if it appeared that Singleton had not

pursued the provision of the administration law, in relation to the settle-
ment of partnership concerns, which are to be found in the first article
of said act, but had in fact made a *lumping* settlement with said Kibbe,
that the note was void and that the plaintiff could not recover. These
instructions were refused, and the plaintiff had a verdict and judgment
for the amount of the note. We are of opinion that the Circuit Court
properly refused to give the instructions which the defendants asked.
The note sued on was voluntarily given to a legally constituted adminis-
trator. Whether the administrator pursued the provisions of the admin-
istration law is a matter about which the defendants have no right to
complain. Indeed the provisions of the act to which allusion has been
made, were not, we apprehend, designed to prevent a settlement in other
modes which the administrator, under the sanction of the County Court,
might think equally advantageous and less expensive to the estate. All
the Court concurring, the judgment is affirmed.